THE BIRDSALL COMPANY, a corporation under the laws of the State of New York *vs.* WILLIAM L. PALMER, and JAMES E. COCKEY.

*Indebitatus assumpsit for the Value of a Machine sold under a Sealed contract—Evidence—Measure of Damages.*

Where a machine was sold upon terms set forth in a contract under seal, and the vendor sued the vendee in *assumpsit* for the value of the machine, and not for damages on the special contract, or for breach of contract, and gave the contract in evidence for the purpose of showing the contract price, it was HELD:

1st. That evidence was admissible on the part of the defendant tending to show that the machine did not come up to the contract, and was not worth the contract price, but was a defective machine.

2nd. That, for the same purpose letters, written by the vendee to the vendor showing an offer to surrender the machine, prior to the demand for settlement, were admissible.

3rd. That in said action recovery can not be had under the contract, and for the contract price.

4th. That if the machine was as guaranteed, and as represented to be by the vendor, he could recover the contract price, as the value of the machine, with interest; but if it was not as represented, but less valuable, he could only recover what the evidence showed the machine was fairly worth.

APPEAL from the Circuit Court for Queen Anne's County.

The case is stated in the opinion of the Court.

*First, Second,* and *Third Exceptions,* sufficiently stated in the opinion of the Court.

*Fourth Exception.*—The plaintiff offered the four following prayers:

1. That if the jury find the defendants gave the plaintiff a written order for a machine, the price of which is the subject of this suit, which machine was delivered at the place and time designated in said order, and there received by the defendants, which machine was specially warranted by the plaintiff to the defendants, but it was provided in said order and warranty, that "if the purchaser did not make full settlement in cash or approved notes on its delivery," they thereby "waived all claim under this warranty," and shall find that the defendants did not make settlement for said machine, as provided in said order and warranty, then the purchase of said machine was without warranty, and the plaintiff is entitled to recover its value, irrespective of any warranty.

2. If the jury find that the defendants gave a written order to the plaintiff for one of its Vibrator Separators, to be delivered to them at Kent Island landing in this county, on or about the 15th of June, 1889, the defendants agreeing to receive said machine there, to pay the freight thereon from Baltimore, and to pay plaintiff then and there three hundred and fifty dollars in three interest-bearing promissory notes, for the respective sums of $116.67, $116.67 and 116.66 to be due at the respective dates of the first day of October, in the years 1889, 1890, 1891, and also to deliver to said plaintiff a second-hand Birdsall Vibrator Separator; and it was provided therein that the machine "hereby ordered, purchased and sold," was, "subject to the following warranty:" "That the machines are well built of good materials, and, with proper management, are capable of doing as much, and as well as other machines of like size and proportions. The purchasers agree to follow any directions given by the Birdsall Co. in starting and operating the machinery, and, after giving it a fair trial of one week, if it should not work well, to give written notice to the agent from

whom it was received, stating wherein it fails, and also to the Birdsall Co., at Auburn, New York. Reasonable time is to be allowed to get to it, and remedy the defects, if any exist; the purchasers hereby agreeing to render necessary and friendly assistance. If it cannot be made to perform as guaranteed, it shall be returned to the place where received, and a new machine given in its place, or the notes and money refunded. But should such failure have been caused by improper management or the neglect of the purchasers to follow directions given to them for starting the machine, then they to pay all necessary expenses that have been incurred. Continued possession of the machinery shall be evidence of satisfaction and acceptance." And shall find that the plaintiff shipped to Kent Island the machine so ordered, and it was there received by the defendants. And shall also find that the defendants either did not give said machine a fair trial of one week, or that they did not give a written notice, stating wherein the machine failed to work, to The Birdsall Company at Auburn, New York, or that they did not allow reasonable time to get to and remedy the defects, if any exist, or that they did not render friendly assistance to remedy any defects which might exist in said machine, or if they did not return said machine to the place received after giving it a fair trial and finding that it could not be made to perform as guaranteed. And they shall further find, that the defendants have not delivered to plaintiff the notes or second-hand Separator, then their verdict must be for the plaintiff for the value of the new machine according to the contract price.

3. If the jury find that the defendants gave a written order to plaintiff for one of its Vibrator Separators, to be delivered to them at Kent Island landing, in this county, on or about the 15th of June, 1889, the defendants agreeing to receive said machine there, to pay the freight

thereon from Baltimore, and to pay plaintiff then and there three hundred and fifty dollars in three interest-bearing promissory notes, for the respective sums of $116.67, $116.67 and $116.66, to be due at the respective dates of the first day of October, in the years 1889, 1890, 1891, and also to deliver to said plaintiff a second-hand Birdsall Vibrator Separator; and it was provided therein that the machine "hereby ordered, purchased and sold," was "subject to the following warranty:" (as set out in the second prayer.) And they shall also find that the machine was delivered by the plaintiff at the time and place designated in said order, but was not settled for as therein provided and has not been paid for, then the verdict must be for the plaintiff for the contract price; unless they shall further find that the defendants gave the machine a fair trial of one week; gave the plaintiff's agent from whom it was received, written notice stating wherein it failed to work, and also notice to the Birdsall Co. at Auburn, New York, and has returned the machine to the place from where it was received.

4. If the jury shall find from the evidence that the machine was ordered and warranted as set forth in plaintiff's second and third prayers, but was not settled for as therein provided, then their verdict must be for the plaintiff, unless said conditions of warranty set forth in said prayer and order, was by the plaintiff waived, and before they can find such a waiver they must find that the agent making the waiver had the authority to do so.

All these prayers the Court (ROBINSON, J.) rejected, and in lieu thereof gave the following instruction:

If the jury shall find that the plaintiff sold and delivered to the defendants the threshing machine in question, and that said machine was well built and of good materials, and that with proper management the said machine was capable of doing as good work and as well

Birdsall Company *vs.* Palmer and Cockey.

as other machines of like size and proportions, then the plaintiff is entitled to recover the contract price of said machine, with interest thereon at the rate of six per cent. from the time of sale and delivery of the machine to the defendants.    The plaintiff excepted.

The defendants offered the following prayer:

*Fifth Exception.*—If the jury believe from the evidence that the contract offered in evidence was entered into by and between the plaintiff and the defendants, then in that case, under the terms of said contract, the machine for which recovery is sought in this suit, was sold and delivered by the plaintiff to the defendants with a warranty "that it was built of good materials, and with proper management was capable of doing as much and as well as other machines of like size and proportions." And if they shall further believe from the evidence, that said machine, upon fair trial and with proper management in the hands of the defendants, according to the instructions of the plaintiff to the defendants, failed to do as much work and as good work as other machines of like size and proportions are capable of doing, but on the contrary failed to receive and carry through straw as such other machines, failed to thresh as much wheat as such other machines, failed to clean the wheat as such other machines do, and carried the wheat off in the straw, and failed to thresh it out of the straw unlike such other machines, and that the defendants thereupon notified the plaintiff, as required by the terms of the contract, of its defective character, and that the plaintiff sent its agents, who failed to remedy said defects, and the defendants thereupon offered to return the said machine, and the plaintiff failed to or declined to receive the said machine, then the plaintiff is only entitled to recover in this suit such sum of money, if any, as the jury shall believe from the evidence the said machine was reasonably and fairly worth.

Birdsall Company *vs.* Palmer and Cockey.

The Court granted this prayer, and the plaintiff excepted. The verdict and judgment being for less than the amount claimed, the plaintiff appealed.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*Urie Townsend,* for the appellant.

When the contract is in writing, the Court is the expositor, and must determine the mutual rights of the parties to the warranty. *Horn vs. Buck,* 48 *Md.,* 358; *Thompson vs. Libby,* 29 *N. W. Rep.,* 150.

And when the authority of an agent is in writing and known to the purchaser, such authority cannot be enlarged, etc. *W. A. Wood Mowing & Reaping Machine Co. vs. Crow,* 30 *N. W. Rep.,* 609; *McClure vs. P., W. & B. R. R. Co.,* 34 *Md.,* 535; *Pennington vs. Same,* 62 *Md.,* 95.

As to sale or return after trial: The machine must be *returned* within reasonable time, if no time is stated, or within the time named, if it be stated in the contract of warranty, or no recovery can be had for a breach. *Delamater & Robinson vs. Chappell, et al.,* 48 *Md.,* 253; *Spickler vs. Marsh Bros.,* 36 *Md.,* 222; *Bayliss vs. Hennessey,* 54 *Iowa,* 11; *Paige vs. McMillan,* 41 *Wis.,* 337; *Wendall vs. Osborne,* 63 *Iowa,* 99.

Retaining possession after breach makes the sale absolute, and liability by the purchaser for the contract price. *Moss vs. Sweet, et al.,* 16 *Adol. & Ellis,* 493; *Ray vs. Thompson,* 12 *Cush.,* 281; *Dewey vs. Erie Borough,* 14 *Pa. St.,* 211; *Aiken vs. Hyde,* 99 *Mass.,* 183.

The purchaser is liable, even though retention of machine was done at the request of the agent, without the principal. *Bomberger, et al. vs. Griener,* 18 *Iowa,* 477; *Webb vs. Fairmainer,* 3 *M. & W.,* 473; *Atwood vs. Coob,* 16 *Pickering,* 227; *Rommel vs. Wingate,* 103 *Mass.,* 327; *Roberts vs. Brett,* 11 *House of Lords Cases,* 337.

Birdsall Company *vs.* Palmer and Cockey.

When a return is provided for it must be made, or the purchaser has no defence for breach of warranty. *Upton Mfg. Co. vs. Huiske,* 29 *N. W. Rep.,* 621.

Upon any fair construction of the contract in this case, it was an error in the Court below to allow the letters offered in evidence to go to the jury, to allow any evidence of a breach of warranty to be given until the defendants had first shown that they had *settled for the machine at the time and place of the delivery;* that they had given written notice stating wherein the defects in the machine existed *after a week's trial*—not wait for two months; that they had *returned* the machine to the place whence received—to Baltimore, as it was shipped to them from that point.

"Continued possession of the machine," says the contract, "shall be evidence of satisfaction and its acceptance." They have it still in their possession—not in a barn, even, but standing out under a tree.

*Edwin H. Brown,* (with whom were *John B. Brown,* and *A. R. Weedon* on the brief,) for the appellees.

The bill of particulars filed by the appellant, the plaintiff below, shows that it sought to recover the value of one Vibrator Separator. Such recovery in this action could only be had on the theory that there had been an actual sale by which title passed or vested in the appellees, and that by the terms of sale the purchase money was due. If by the terms of sale no title passed to the appellees by reason of a failure on their part to comply with some precedent condition, or if the article was sold on time, or on notes at certain times to mature, and the credit or times of maturity of notes had not expired, this action would not lie. *Appleman vs. Michael & Bro.,* 43 *Md.,* 279; 1 *Chitty's Pleading, marginal page* 340, *note d and cases cited.*

Birdsall Company *vs.* Palmer and Cockey.

If it appears, however, that the appellant seeks to recover under and by virtue of a special contract, while alone declaring on the common counts, what then?

In order to do this, the contract must not be under *seal*, but a parol contract completely executed, so that only the duty to pay money remains which is due by the appellees. 1 *Chitty's Pleadings, marginal page* 340, *note c and cases cited; Coursey vs. Covington,* 5 *H. & J.*, 45; *Leonard, Adm'r vs. Hughlett,* 41 *Md.*, 387; *C. & O. Canal Co. vs. Knapp,* 9 *Peters,* 541.

None of the conditions on which the action could be maintained existed. It is under *seal;* the time of the maturity of but *one note* had passed when this suit was instituted. Suit was begun October 29th, 1889, notes were to be due October 1st, 1889, October 1st, 1890, and October 1st, 1891, and by the express terms of the contract: "It is understood and agreed, that the title, ownership or right of possession of the above described property does not pass from the Birdsall Co. until settlement is made in full, as above agreed."

If on a *specialty*, and the whole sum is due, debt is the proper remedy, or if payable in instalments and less than all are due, or damages for violating are sought, covenant is the remedy. 1 *Chitty's Pleading, marginal pages* 110; 118; 1 *Poe's Pleading and Practice,* 94; *Booth vs. Hall,* 6 *Md.*, 1.

BRISCOE, J., delivered the opinion of the Court.

The Birdsall Company, a corporation duly incorporated under the laws of the State of New York, but doing business in this State, brought suit on the 29th of October, 1889, in the Circuit Court for Queen Anne's County, against the appellees in *indebitatus assumpsit* on the common counts, for the contract price of a machine, known as the Vibrator Separator, sold and delivered by the plaintiff to the defendants. The case was tried upon

Birdsall Company *vs.* Palmer and Cockey.

the plea of never indebted as alleged. The contract under which the alleged sale was made was in writing, and under seal. It is very obscure and confused in its meaning, and contains the following warranty:

"These machines are hereby ordered, purchased and sold subject to the following warranty: That the machines are well built of good materials, and, with proper management, are capable of doing as much and as well as other machines of like size and proportions. The purchasers agree to carefully follow any directions given them by the Birdsall Company in starting and operating the machinery, and after giving it a fair trial of one week, if it should not work well, to give written notice to the agent from whom it was received, stating wherein it fails, and also to the Birdsall Company, at Auburn, N. Y. Reasonable time is to be allowed to get to it and remedy the defects, if any exist, the purchaser hereby agreeing to render necessary and friendly assistance. If it cannot be made to perform as guaranteed, it shall be returned to the place where received, and a new machine given in its place, or the notes and money refunded. But should such failure have been caused by improper management, or neglect of the purchasers to follow directions given them for starting the machine, then they to pay all necessary expenses that have been incurred. Continued possession of the machinery shall be evidence of satisfaction and acceptance. It is understood and agreed, that if the purchaser does not make full settlement with cash or approved notes for the machine upon its delivery to him, he thereby waives all claims under this warranty. (No agent has authority to change this warranty.) Should there be any failure on the part of the Birdsall Company to deliver the machinery at the time agreed upon, the acceptance of the same by the purchaser whenever delivered shall be understood as a waiver of all claims for

14          v. 74.

damages by reason of such delay. It is understood and agreed, that the title, ownership, or right of possession of the above described property does not pass from the Birdsall Co. until settlement is made in full as above agreed."

It will appear from the form of action adopted by the appellant that he sought to recover for the value of the machine, and not for damages on the special contract or for breach of contract. The evidence shows that the defendants, on the 30th day of April, 1889, ordered of the plaintiff the machine in controversy, for which they were to pay the sum of $350, in three interest-bearing notes, and also one second-hand Vibrator Separator. The notes were to be executed and delivered to the company at the time and place of delivery of the machine, and were to be payable respectively on the first day of October, 1889, 1890 and 1891, for the sum of $116.66, and these were to be secured by a mortgage on the machine. The notes were never delivered, nor the mortgage ever executed, although the machine was shipped and was received by the defendants on or about the 15th of June, 1889. There was no demand made for the notes until sometime in July, after the date when a notice had been given that the machine had been fairly tested, and did not come up to the warranty contained in the contract, and that the defendants intended to return it to the plaintiff. The defendants refusing to settle according to the terms of the alleged contract, the plaintiff brought this suit. At the trial the appellant reserved five exceptions, three to the admissibility of testimony, one to the rejection of the plaintiff's prayers, and one to the granting of the defendants' prayer. The first, second and third bills of exception relate to the admissibility in evidence of testimony tending to show that the machine did not come up to the contract, and was not worth the contract price, but was a defective machine; also, as to the admissibility

Birdsall Company *vs*. Palmer and Cockey.

of certain letters written by the defendants to the plaintiff, showing an offer to surrender the machine prior to the demand for settlement. The contract of sale had been read to the jury for the purpose of showing the contract price, and we think that this evidence was competent, and admissible for the purpose of establishing the fact, that the machine did not possess the qualities claimed for it. It was proof tending to show its actual value. The contract price could not be recovered unless the thresher possessed the merits claimed for it. The fourth bill of exception was as to the rejection of the plaintiff's prayers, and to the instructions given by the Court in lieu thereof. The rejected prayers were manifestly erroneous, because they proceeded upon the theory that recovery could be had under the contract, and for the contract price, in the form of action of this case. The instruction by the Court and the defendants' prayer correctly announced the law in all the points raised in the case. They said to the jury, that if the thresher was as guaranteed, and as represented to be by the appellant, then it could recover the contract price as the value of the machine, with interest; but if it was not as represented, but less valuable, then the appellant could recover what the evidence showed the machine was fairly worth. This disposes of all the questions presented in the case. There was no error in the rulings of the Court, and as the facts were fairly presented, and the case was properly tried, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 9th April, 1891.)